UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | : | |
|---|---|---|
| | : | |
| | : | |
| **IN RE** | : | **MASTER DOCKET NO.:** |
| **PAULSBORO DERAILMENT CASES** | : | **13-CV-784 (RBK/KMW)** |
| | : | |
| | : | |

| | : | |
|---|---|---|
| **CYNTHIA LORD**, *et al.*, | : | |
| | : | |
| Plaintiff, | : | **CASE NO. 1:12-7747 (RBK/KMW)** |
| | : | |
| vs. | : | |
| | : | |
| **CONSOLIDATED RAIL** | : | |
| **CORPORATION**, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS CONSOLIDATED RAIL CORPORATION, NORFOLK SOUTHERN RAILWAY COMPANY AND CSX TRANSPORTATION, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE THE <u>EXPERT REPORT AND TESTIMONY OF ALY COHEN, M.D.</u>**

Filed on behalf of Defendants,
Consolidated Rail Corporation,
Norfolk Southern Railway Company,
and CSX Transportation, Inc.

Counsel of Record for This Party:

Brian D. Pagano, Esquire

BURNS WHITE LLC
1800 Chapel Avenue West, Suite 250
Cherry Hill, NJ 08002
(856) 382-6006

# **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ................................................................................... 1

II. LAW AND ARGUMENT ............................................................................................ 2

   A. Dr. Cohen's Methodology is Not Generally Accepted. ......................................... 2

   B. Temporal Relationship, Without More, Fails To Establish Causation. ................ 3

   C. Plaintiff has Wholly Failed to Respond to Certain Arguments in Defendant's Memorandum ......................................................................................................... 5

III. CONCLUSION ............................................................................................................. 8

**TABLE OF AUTHORITIES**

**Cases**

*Allen v. Pennsylvania Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996) ..........................................3

*Amorgianos v. National Railroad Passenger Corp.*, 137 F. Supp. 2d 147, 163 (E.D.N.Y. 2001) .3

*Heller v. Shaw Indus.*, 167 F.3d at 146, 158 (3d Cir. 1999) ............................................................4

*In re Paoli R.R. Yard PCB Litig.,* 35 F.3d 717, 762 (3d Cir. 1994) ...........................................6, 7

*In Re: TMI Litig.,* 193 F.3d 613, 698 (3rd Cir. 1999) .....................................................................6

*Kannankeril v. Terminix Int'l. Inc.*, 128 F.3d 802, 809 (3rd Cir. 1997) .....................................3, 4

*Magistrini v. One Hour Martinizing Dry Cleaning,* 180 F. Supp.2dd 584 (D.N.J. 2002) .....2, 3, 7

*Martincic v. Urban Redevel. Auth.*, 844 F. Supp. 1073, 1075-76 (W.D. Pa. 1994), *aff'd*, 43 F.3d 1461 (3d. Cir. 1994) ........................................................................................................................6

*Wright v. Willamette Indus., Inc.*, 91 F.3d 1105, 1107 (8th Cir. 1996) ..........................................3

**Additional Authority**

Fed. R. Evid. 702 ..................................................................................................................2, 3, 5

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| **IN RE** : | **MASTER DOCKET NO.:** |
| **PAULSBORO DERAILMENT CASES** : | **13-CV-784 (RBK/KMW)** |

| | | |
|---|---|---|
| **CYNTHIA LORD,** *et al.*, | : | |
| | : | |
| Plaintiff, | : | **CASE NO. 1:12-7747 (RBK/KMW)** |
| | : | |
| vs. | : | |
| | : | |
| **CONSOLIDATED RAIL** | : | |
| **CORPORATION,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS CONSOLIDATED RAIL CORPORATION, NORFOLK SOUTHERN RAILWAY COMPANY AND CSX TRANSPORTATION, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE THE <u>EXPERT REPORT AND TESTIMONY OF ALY COHEN, M.D.</u>**

NOW COME Defendants, Consolidated Rail Corporation, Norfolk Southern Railway Company and CSX Transportation, Inc. ("Defendants"), by and through their counsel, Burns White LLC, and submit this Reply Memorandum of Law in Support of their Motion to Exclude the Expert Report and Testimony of Aly Cohen, M.D.

**I.      <u>PRELIMINARY STATEMENT</u>**

Rather than addressing the deficiencies in Dr. Cohen's methodology, Plaintiff seeks to litigate this entire case in her twenty (20) page statement of facts, presenting what are largely disputed facts or proposed conclusions of law in opposition to Defendants' Motion to Exclude Dr. Cohen. It is not until page twenty four (24) of her twenty seven (27) page brief that any

1

arguments in opposition to the *Daubert* standard are advanced. However, even in these few pages, Plaintiff's Opposition makes virtually no attempt to refute Defendants' arguments or address the legal authority in Defendants' memorandum, instead simply stating that Dr. Cohen satisfies the *Daubert* standard. Undoubtedly, Plaintiff has failed to satisfy her burden of demonstrating that Dr. Cohen's opinions and methodology satisfy the requirements of *Daubert* and Fed. R. Evid. 702.

## II.   LAW AND ARGUMENT

### A.   Dr. Cohen's Methodology is Not Generally Accepted.

In an attempt to demonstrate that Dr. Cohen's methodology and opinions are reliable under *Daubert* and its progeny, Plaintiff simply states that "Dr. Cohen used a well-established and generally accepted methodology" - as if the fact that Plaintiff alleges it makes it so. Pl. Opp at 24. Not surprisingly, Plaintiff again provides no citation to any peer-reviewed scientific literature where Dr. Cohen's "method" has been discussed and validated, instead insisting that because the New Jersey Department of Health ("NJ DOH") allegedly used the same circular reasoning as Dr. Cohen, that it somehow validates her methodology. Pl. Opp. at 24.

However, the NJ DOH report is not a peer-reviewed publication, but rather a poor quality survey administered to Paulsboro residents after the derailment. *See* Weed Declaration; Exhibit A at 11-15. The fact that Dr. Cohen failed to recognize the methodological flaws of the NJ DOH survey also explains why she considers her own subjective approach to be a "well-established and generally accepted methodology." However, as explained in Defendants' opening memorandum and herein, it is not.

Here, there is simply no transparent or reproducible methodology that Dr. Cohen can identify to allow the Court to determine whether her opinions are a result-oriented "judgment" as opposed to a scientifically or methodologically-based judgment. *See Magistrini v. One Hour*

*Martinizing Dry Cleaning,* 180 F. Supp.2dd 584 (D.N.J. 2002). Accordingly, her opinions must be excluded.

### B.   Temporal Relationship, Without More, Fails To Establish Causation.

Defendants do not dispute that a limited amount of vinyl chloride was released following the derailment. However, merely documenting the existence of vinyl chloride does not prove actual exposure to Plaintiff, nor does it prove that Plaintiff received a sufficient dose to cause her alleged injuries, or increase her risk of future injuries. Causation requires a showing of exposure and dose levels sufficient to cause the injuries claimed. *Allen v. Pennsylvania Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996); *Wright v. Willamette Indus., Inc.*, 91 F.3d 1105, 1107 (8th Cir. 1996); *Amorgianos v. National Railroad Passenger Corp.*, 137 F. Supp. 2d 147, 163 (E.D.N.Y. 2001) (finding that in a toxic tort case, expert testimony on general causation must include testimony on exposure, dose, duration and causation to satisfy *Daubert*).

As articulated in Defendants' opening memorandum, Dr. Cohen did not attempt to quantify the dose of vinyl chloride received by Plaintiff; she failed to determine the amount of exposure necessary to cause the alleged symptom, as reported in the scientific literature; and she failed to account for the other possible explanations for Plaintiff's cough. Nevertheless, Dr. Cohen still managed to determine that Plaintiff's cough was the result of her brief and limited vinyl chloride exposure, without any reliable, identifiable scientific basis for doing so. This is precisely the type of analysis that Rule 702 is intended to exclude.

Nevertheless, Plaintiff contends that "exposure closely followed by symptoms known to result from that exposure provides good grounds for an expert's opinion on causation." Pl. Opp. at 26. Among other cases, Plaintiff clings to *Kannankeril v. Terminix Int'l. Inc.*, 128 F.3d 802, 809 (3rd Cir. 1997), and advocates an overly broad and unfounded interpretation of that case.

*Kannankeril* does not stand for the blanket proposition that there is no need to show the precise level of exposure to prove causation. The *Kannankeril* Court explicitly noted that the physician there had "sufficient knowledge of exposure" because he reviewed and considered application records for the pesticide which showed when, how much, and where the pesticide had been applied. *Id*. at 808. The plaintiff's exposure from the repeated pesticide applications inside the *Kannankeril* home was far more readily inferred than Plaintiff's unknown exposures here in an outdoor setting where there were numerous variables at play (i.e. wind, terrain, atmospheric conditions, Plaintiff's alleged location, etc.). Moreover, general causation was not disputed in *Kannankeril*, and plaintiff developed toxic effects of the pesticide that were "well recognized by the scientific community". *Id*. at 809. Additionally, in *Kannankeril*, the court relied on the fact that the defendant never raised any other theories of causation to challenge the expert's opinion. *Id*. at 808. Here other viable theories of causation have been raised by Defendants (specifically, obesity, medication side effects, other possible occupational and environmental exposures, etc.). Accordingly, Plaintiff's reliance on *Kannankeril* is misplaced.

Likewise, Plaintiff's reliance upon the perceived temporal relationship between Plaintiff's alleged exposure and onset of injury or symptoms cannot fill the gaping analytical void in Dr. Cohen's analysis. Admittedly, as a part of the causation picture, an expert may draw conclusions about the effects of exposure to a chemical based upon the temporal connection between exposure and the onset of symptoms. *Heller v. Shaw Indus*., 167 F.3d at 146, 158 (3d Cir. 1999). However, temporal relationship may not supplant scientifically reliable data supporting the relationship -- the ultimate conclusion, must always fit the data that allegedly supports it. *Id*. In this case, not only does Dr. Cohen have no data or literature supporting her opinions that Plaintiff's brief and acute exposure to vinyl chloride could or did cause Plaintiff's injuries, but

4

the wealth of scientific data manifestly refutes that such limited and acute exposures could cause the alleged injuries. Accordingly, Plaintiff's claims that she was injured, after the derailment, do not suffice as a scientifically reliable basis for concluding that the alleged exposures were the cause. Instead of reasoning from known facts to reach a conclusion, Dr. Cohen has reasoned from an end result in order to hypothesize what was unknown. She assumes that Plaintiff's cough was caused by her alleged vinyl chloride exposure, and back-fills this assumption with the hypothesis that the temporal proximity between the development of the cough and the alleged exposure proves a connection between these events. Her opinions are nothing more than unsupported speculation that must be excluded from evidence under Rule 702 and *Daubert*.

### C. Plaintiff has Wholly Failed to Respond to Certain Arguments in Defendant's Memorandum

In perhaps an admission that she has no valid response, Plaintiff failed to address certain key arguments in Defendants' motion to exclude Dr. Cohen. Significantly, Defendants have shown that Dr. Cohen has not established general causation in this matter. Dr. Cohen's reports and deposition testimony failed to reference a single study to support her conclusions in this case. Although Plaintiff states that she performed a MedLine search and studied the history of vinyl chloride, Pl. Opp. at 23, Plaintiff failed to include any studies that she may have relied on in forming her conclusions in accordance with Fed R. Evid. 26(a)(2)(B)(requiting that the report contain all facts or data considered by the witness in forming them). Plaintiff's failure to disclose information relied upon by Dr. Cohen necessarily requires exclusion of her opinion. *See, e.g.*, Fed. R. Civ. P. 26(a)(2)(B) (data, other information and any exhibits considered or used in support of the expert's report need to be disclosed); Fed. R. Civ. P. 37(c)("If a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial.").

Likewise, Plaintiff has also failed to refute Defendants' position that Dr. Cohen's opinions are based on unreliable data. *See, e.g., Martincic v. Urban Redevel. Auth.*, 844 F. Supp. 1073, 1075-76 (W.D. Pa. 1994), *aff'd*, 43 F.3d 1461 (3d. Cir. 1994) (If the data are unreliable, an expert's analysis based upon the data is likewise inherently unreliable). Here, Dr. Cohen has relied solely on Plaintiff's subjective self-report as the basis for her opinions. ("[Plaintiff] states she tasted a sweet taste and sweet odor, which leads me to believe she was in fact exposed to vinyl chloride over the several days and months that followed." Cohen Rep. at 3; when asked what her understanding is of the level of exposure to vinyl chloride to manifest a cough and whether Plaintiff was exposed to such an amount, Dr. Cohen responded "[w]ell, I have no concrete evidence of that. I'm going by [Plaintiff's] recounting of the story." *Cohen Dep.* at 113-114).[1] However, as demonstrated in Defendants' memorandum, in the litigation context, reliance on patient statements cannot be the sole basis for an expert's opinion. *In Re: TMI Litig.,* 193 F.3d 613, 698 (3rd Cir. 1999); *In re Paoli R.R. Yard PCB Litig.,* 35 F.3d 717, 762 (3d Cir. 1994). "[W]here [experts] based their conclusion as to a plaintiff's symptoms solely on the plaintiff's self-report of illness in preparation for litigation, the district court act[s] within its discretion in excluding the testimony as based on an unreliable source of information." *Id.*

Most significantly, perhaps, is the fact that Plaintiff fails to address that Dr. Cohen failed to properly and scientifically rule out alternative causes for Plaintiff's cough. The Third Circuit has affirmed the exclusion of testimony where, as here, the expert "made no effort to employ differential diagnosis to eliminate possible alternative causes of [plaintiff's conditions]." *Paoli,*

---

[1] Although Plaintiff states in her Opposition that Dr. Cohen also relied on Dr. Georgeopoulos' model and the NJ DOH report, as articulated herein and in Defendants' Motion to Exclude Dr. Georgeopoulos, neither of these are reliable bases for Dr. Cohen's exposure analysis, particularly given that Dr. Cohen does not know whether Plaintiff's house was in the evacuation zone, whether she was forced to shelter in place, or the exposure data that corresponds with either of these zones. *See* Cohen Dep. at 112-113.

35 F.3d at 767. Relying on *Paoli,* this Court has concluded that "where a defendant points to a plausible alternative cause and the doctor offers no reasonable explanation for why she still concludes that [her cause] was a substantial factor in bringing about the plaintiff's disease, that doctor's methodology is unreliable." *Magistrini,* 180 F. Supp. at 609 (internal quotations omitted).

Here, Plaintiff has failed to respond to Defendants' arguments that Dr. Cohen failed to consider Plaintiff's obesity, the side effects of the prescription drugs that she was on, or other occupational and environmental factors as alternative causes for her cough symptoms. Dr. Cohen's failure to account for these alternate factors strongly indicates that her conclusions are not grounded in reliable scientific methods, as required by *Daubert*.

Last, Plaintiff has no response to Defendants' argument that Dr. Cohen has failed to provide any support demonstrating that the medical monitoring she recommends is medically appropriate under the circumstances. Indeed, as Defendants set forth in their opening brief, Dr. Cohen's report, which recommends diagnostic testing, shows that she does not know whether Plaintiff has a condition that warrants medical monitoring in the first place. Def.s' Opening Br. at 15. Moreover, absent any peer-reviewed studies showing that the specific medical monitoring Dr. Cohen recommends is medically beneficial because of acute exposure to vinyl chloride, her opinion does not withstand the *Daubert* test. *See, e.g.*, *In re Ingram Barge Co.*, 187 F.R.D. 262, 266 (M.D. La. 1999).

### D. Plaintiff's Bradford Hill Analysis Must Be Stricken

In a last-ditch effort to try to salvage Dr. Cohen's complete lack of a methodology, Plaintiff states that "although Dr. Cohen does not reference [the Bradford Hill] factors by direct reference, in her reports or deposition testimony, she certainly has addressed most of them in

7

substance." Pl. Opp. at 27. Remarkably, a purported Bradford-Hill analysis appears in Plaintiffs' opposition brief. *Id.*. However, as Dr. Cohen does not endorse that analysis, it is simply another argument by Plaintiffs' counsel masquerading as scientific analysis that should be disregarded.

### III. CONCLUSION

For the foregoing reasons, Defendants, Consolidated Rail Corporation, Norfolk Southern Railway Company and CSX Transportation, Inc., respectfully request that this Honorable Court exclude the proffered expert testimony of Aly Cohen, M.D.

Respectfully Submitted,

*/s/ Brian D. Pagano*
Brian D. Pagano, Esquire
BURNS WHITE LLC
1800 Chapel Avenue West, Suite 250
Cherry Hill, NJ 08002
(856) 382-6012
Email: bdpagano@burnswhite.com

*Attorney for Defendants,*
*Consolidated Rail Corporation, Norfolk Southern*
*Railway Company and CSX Transportation, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of July, 2015, a copy of the within Reply Memorandum of Law in Support of their Motion to Exclude the Expert Report and Testimony of Aly Cohen, M.D. was served on all counsel of record via efile.

                BURNS WHITE LLC

By:    */s Brian D. Pagano*
        Brian D. Pagano, Esquire
        1800 Chapel Avenue West, Suite 250
        Cherry Hill, NJ 08002
        (856) 382-6012

*Attorneys for Defendants,*
*Consolidated Rail Corporation, Norfolk*
*Southern Railway Company, and CSX*
*Transportation, Inc.*