UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE<br>PAULSBORO DERAILMENT CASES | MASTER DOCKET NO.:<br>13-CV-784 (RBK/KMW) |

| | |
|---|---|
| RONALD MORRIS, KRISTEN PICKEL<br>(husband and wife)<br><br>       Plaintiffs,<br><br>vs.<br><br>CONSOLIDATED RAIL<br>CORPORATION, *et al.*,<br><br>       Defendants. | CASE NO. 1:13-CV-3244 (RBK/KMW)<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS CONSOLIDATED RAIL CORPORATION, NORFOLK SOUTHERN RAILWAY COMPANY, AND CSX TRANSPORTATION, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY OF PLAINTIFFS' EXPERT, DAVID A. RAUSH, PH.D.**

        Filed on behalf of Defendants,
        Consolidated Rail Corporation, Norfolk Southern Railway
        Company, and CSX Transportation, Inc.

        Counsel of Record for This Party:

        Brian D. Pagano, Esquire

        BURNS WHITE LLC
        1800 Chapel Avenue West, Suite 250
        Cherry Hill, NJ 08002
        (856) 382-6006

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| TABLE OF CONTENTS............................................................................................... | | i |
| TABLE OF AUTHORITIES ....................................................................................... | | ii |
| INTRODUCTION ........................................................................................................ | | 1 |
| ARGUMENT AND CITATION OF AUTHORITIES................................................ | | 2 |
| I. | Dr. Raush's Expert Opinions Are Not Admissible............................................ | 2 |
| | A.  Dr. Raush's Opinions Are Premised Upon Incomplete and Inconsistent Information ............................................................ | 2 |
| | B.  Dr. Raush's Methodology is Improper, and Fails to Account for Alternative Explanations for Morris' Alleged Injuries........................... | 6 |
| |     1.  Dr. Raush is Uninformed Regarding Unspecified Trauma- and Stressor-Related Disorder ....................................................... | 6 |
| |     2.  Dr. Raush Failed to Consider Alternative Explanations for Morris' Alleged Symptoms.......................................................... | 7 |
| CONCLUSION................................................................................................................ | | 11 |

# TABLE OF AUTHORITIES

**Cases**

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
    509 U.S. 579 (1993) ............................................................................................................. 1

*Bondach v. Faust* ......................................................................................................................... 6

*Braxton v. DKMZ Trucking, Inc.* ................................................................................................. 5

*Diaz v. Johnson Matthey, Inc.*,
    893 F.Supp. 358 (D.N.J. 1995) ............................................................................................ 7

*In re Paoli R.R. Yard PCB Litig.*,
    35 F.3d 717 (3d Cir.1994) .................................................................................................... 3

*Magistrini v. One Hour Martinizing Dry Cleaning*,
    180 F.Supp.2d 584 (D.N.J. 2002) ........................................................................................ 7

*Neale v. Volvo Cars of North America, LLC*,
    2013 WL 784962, at *2 (D.N.J. Mar. 1, 2013) .................................................................... 3

*Neale v. Volvo Cars of North America, LLC*,
    No. 10-4407 U.S. Dist. LEXIS 29856, at *12 ..................................................................... 3

*Rutigliano v. Valley Business Forms*,
    929 F.Supp. 779 (D.N.J. 1996) ............................................................................................ 7

*U.S. E.E.O.C. v. Rockwell Int. Corp.*,
    60 F.Supp2d 791 (N.D. Ill. 1999) ........................................................................................ 5

*Yarchak v. Trek Bicycle Corp.*,
    208 F.Supp.2d 470 (D.N.J. 2002) ........................................................................................ 7

*Maertin v. Armstrong World Industries, Inc.* ............................................................................... 8

**RULES**

Fed. R. Evid. 702 ................................................................................................................... 3, 10

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| IN RE:<br>PAULSBORO DERAILMENT CASES | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | MASTER DOCKET NO.:<br>13-CV-784 (RBK/KMW)<br><br>1:13-cv-03244-RBK-KMW (Morris) |

**DEFENDANTS CONSOLIDATED RAIL CORPORATION, NORFOLK SOUTHERN RAILWAY COMPANY, AND CSX TRANSPORTATION, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY OF PLAINTIFFS' EXPERT, DAVID A. RAUSH, PH.D.**

**INTRODUCTION**

Defendants filed a Motion to Exclude Plaintiffs' Expert, Dr. Raush and his January 19, 2015 report with respect to Plaintiff Ronald Morris. The basis for the Motion was that Dr. Raush's report and testimony fail to meet the applicable standards for admission of expert opinion evidence under federal law, particularly the admissibility standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Defendants maintain that Dr. Raush's opinions are premised upon incomplete and inconsistent information. As a result, his methodology is unscientific and fails to account for alternative explanations for Morris' alleged injuries. He is uninformed regarding Unspecified Trauma- and Stressor-Related Disorder, and he failed to consider alternative explanations for Morris' alleged symptoms. Raush's opinion that Mr. Morris' Unspecified Trauma- and Stressor- Related Disorder was caused by Morris' alleged

1

exposure to vinyl chloride during the derailment is offered in the absence of any knowledge of, or inquiry into, the extent of Mr. Morris' actual exposure. His Report also fails to analyze Mr. Morris' lengthy, pre-existing anxiety condition, as well as a variety of other conditions which could account for Mr. Morris' current alleged injuries. Accordingly, Dr. Raush's proffered report and testimony should not be admitted into evidence at trial.

Plaintiff's Response to Defendants' Motion to Exclude contends that Defendants have a mere disagreement with Dr. Raush's Report and opinions by focusing on mere "alleged discrepancies" that have no bearing on admissibility. Pl. Resp. at 2. Defendants do not dispute that they disagree with the methodology employed and the opinions offered by Dr. Raush. Plaintiff's Response, however, fails to address or clarify the many methodological shortcomings of Dr. Raush's Report rendering his opinions inadmissible. As such, the Court should exclude Dr. Raush's opinions and testimony at trial.

## ARGUMENT AND CITATION OF AUTHORITIES

### I.     Dr. Raush's Expert Opinions Are Not Admissible

#### A.     Dr. Raush's Opinions Are Premised Upon Incomplete and Inconsistent Information

Plaintiff's contention that Defendants' Motion challenging Dr. Raush's methodology is "mere disagree [ment]" is misplaced. Rule 702 and *Daubert* state that the opinion of a qualified expert witness is admissible if: (1) it is based on sufficient facts or data; (2) it is the product of reliable principles and methods; and (3) the expert has reliably applied the principles and methods to the facts of the case. *Daubert* instructed district courts to focus on "principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595.

As the party offering Dr. Raush's Report and testimony in this matter, Plaintiff must demonstrate that Dr. Raush's opinions are based upon "sufficient facts or data." Fed. R. Evid.

2

702. Plaintiff must prove by a preponderance of evidence that Dr. Raush's opinions are reliable. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 744 (3d Cir.1994) ("*Paoli II*"). Plaintiff argues that Defendants' Motion goes to the weight rather than the admissibility of Dr. Raush's testimony, citing *Neale v. Volvo Cars of North America, LLC*, No. 10-4407 U.S. Dist. LEXIS 29856, at *12 (D.N.J. Mar. 1, 2013), in support of their point. Pl. Resp. at 9. However, an additional opinion issued by the District Court, with the same parties, on the same day, excluded another expert for many of the reasons that Defendants advance here, including the fact that expert's opinions were "speculative, unreliable, and irrelevant" and "not based on a review of facts specific to the case." *Neale v. Volvo Cars of North America, LLC*, 2013 WL 784962, at *2 (D.N.J. Mar. 1, 2013).

Plaintiff also contends that even if Dr. Raush did not consider all relevant evidentiary materials, he reviewed a sufficient amount of materials for Dr. Raush's Report and opinions to be admissible under *Daubert*. This argument concedes that Dr. Raush: (1) failed to read Mr. Morris' deposition; (2) failed to consider Mr. Morris' medical records, and (3) failed to take into account Mr. Morris' alternate stressors/health issues. These fundamental and identifiable flaws directly support Defendants' assertion that Dr. Raush's opinions are based on an inadequate review of Mr. Morris' medical and personal history, and are therefore not reliable. In *Paoli II*, the Third Circuit identified similar flaws when it excluded a doctor's expert testimony because the doctor did not examine the plaintiffs or review their medical records, relying instead on answers to a questionnaire he provided to them. *Paoli II,* 35 F.3d at 745. In the same vein, the Court in *Paoli II* also excluded another expert physician's testimony, noting that although she reviewed medical records of all the plaintiffs, "she had little, if any data with which to rule out alternative causes of their illnesses. She did not take medical histories herself. There is no

3

evidence in the record showing the extent to which medical histories were present in the plaintiffs' medical records, and she performed no reliable laboratory tests." *Id*. at 764.

Similarly, Plaintiff failed to reference the multitude of available information Dr. Raush could, and should, have considered in rendering his opinion as to Mr. Morris' mental health. He failed to consider Morris' mental health history, anti-depression and anti-anxiety medication history, smoking history and drug and alcohol abuse.  These are factors that should enter into the most cursory of causation analyses with respect to the injuries alleged by Mr. Morris in this case. He failed to review the deposition transcripts of both Mr. Morris and Mr. Morris' wife, although both were available at the time that Raush prepared his report.  All of this calls into question whether Dr. Raush's methodology is sound, a crucial threshold for admissibility under *Daubert*. Consideration of these factors should not go to the "weight" to be given to his opinions.

Additionally, Mr. Morris' interview statements, as reported by Dr. Raush, are inconsistent with the totality of available evidence, including Mr. Morris' own sworn testimony from his deposition. Raush failed to verify any of Morris' self-reported statements, even though Raush had medical and other records available to him. Mr. Morris' conflicting self-reports about his anxiety, depression, and other symptoms contradict both his deposition testimony given under oath, as well as the objective information available in his medical records. Dr. Raush's conclusion that Mr. Morris' alleged mental health complaints were caused by the derailment is based upon incomplete information.  It is crucial for an expert such as Dr. Raush to consider this type of evidence prior to rendering an opinion concerning the causes of Mr. Morris' injuries. Plaintiff cannot be permitted to cavalierly dismiss these omissions as merely disputes involving "credibility."

Rather than address these glaring deficiencies, Plaintiff notes in his Response that the "essence" of *Daubert* is that experts employ the "same rigor when testifying in litigation as they do in their everyday practice." Pl. Resp. at 3. Defendants do not disagree that psychologists likely do not review a deposition transcript in the course of their daily practice. However, a psychologist preparing a report or testifying on behalf of a party in a legal proceeding would certainly need to review that party's transcript. Dr. Raush is offering his Report and testimony in Mr. Morris' case *for purposes of litigation*. Thus, the fact that he failed to review Morris' deposition transcript, for example, is a glaring methodological deficiency. *See, e.g., U.S. E.E.O.C. v. Rockwell Int. Corp.*, 60 F.Supp2d 791, 795, 797-98 (N.D. Ill. 1999) (expert proffered by plaintiffs in employment discrimination lawsuit excluded because he did not review plaintiffs' deposition transcripts, only selected excerpts provided by plaintiffs' counsel). While Dr. Raush may not review deposition transcripts in his everyday practice, he testified that he does look at background information for the patients he treats at the VA. Morris' deposition testimony would certainly be considered similar background. *See* Raush Dep. Tr. (Exhibit A), at 35-36; 85; 122. It is therefore difficult to comprehend why he would not also conduct a review of deposition testimony when giving an opinion in the context of litigation.

Plaintiff cited to several non-binding opinions purportedly supporting his contention that Dr. Raush's methodology, including his failure to review Mr. Morris' deposition transcript, does not render his opinions unreliable. A more thorough review of the cases cited by Plaintiff belies this assertion. For example, Plaintiff argues that the expert in *Braxton v. DKMZ Trucking, Inc.* used "substantially similar methodology" to Dr. Raush. Pl. Resp. at 3. However, in *Braxton*, the plaintiffs sought to exclude the testimony based upon the expert being a neuropsychologist and not a psychiatrist. 2015 WL 630297 at *2 (E.D. Mo. Feb. 13, 2015). The plaintiffs in *Braxton*

were not necessarily challenging the diagnostic methodology of the expert, but rather were drawing a distinction between neuropsychologists and psychiatrists.

Plaintiff's reliance on *Bondach v. Faust* is also misplaced. In *Bondach,* the Court denied a motion *in limine* to exclude an expert when the psychiatrist based his conclusion on eighteen documents he reviewed and a one-on-one meeting with the patient. Civ. No. 10-2032, 2011 WL 3816998 (E.D. Pa. Aug. 30, 2011). Unlike in the present case, the defendants in *Bondach* did not point to specific documents or compelling facts that the psychiatrist ignored. Rather, the court found that the expert had made a sufficient review of records and information to make his opinions reliable. In Mr. Morris' case, Dr. Raush did <u>not</u> even review, much less consider, the most relevant documents and facts when rendering his opinions.

Dr. Raush's opinions and Report in this matter are premised upon incomplete and inaccurate information about Mr. Morris. In light of these glaring omissions, his opinions and Report should be excluded pursuant to Rule 702 and *Daubert*.

### B. Dr. Raush's Methodology is Improper, and Fails to Account for Alternative Explanations for Morris' Alleged Injuries

#### 1. Dr. Raush is Uninformed Regarding Unspecified Trauma- and Stressor-Related Disorder

Dr. Raush himself admitted during his deposition that Unspecified Trauma- and Stressor-Related Disorder is a diagnosis that was added to the DSM-V in the past "year or two," and that he has almost no familiarity with it in either his private practice or his clinical practice at the VA. Ex. A, at 21-22. Furthermore, Dr. Raush testified that his experience and education with respect to Unspecified Trauma- and Stressor-Related Disorder is limited to attendance at "a couple of workshops specific to the DSM-V," and that he "read the relevant sections of the DSM-V." Ex. A, at 36:11-24. Dr. Raush's limited familiarity with "anxious worry" does not make him a

6

subject matter expert in the area of Unspecified Trauma- and Stressor-Related Disorder. Pl. Resp. at 7. Plaintiff has failed to demonstrate that Dr. Raush is qualified to offer an expert opinion as to Mr. Morris' alleged injuries due to his extremely limited experience.

### 2. Dr. Raush Failed to Consider Alternative Explanations for Morris' Alleged Symptoms

As previously noted, Dr. Raush did not consider the available records setting forth Morris' mental health history. These included anti-depression and anti-anxiety medication history, smoking history, drug use, alcohol abuse, social and employment histories, as well as the deposition transcripts of both Morris and Morris' wife. Since Raush did not review these materials, he all but ruled out any alternative explanations for Mr. Morris' condition. Failure to consider such alternative causation is a proper ground for exclusion. *See Magistrini v. One Hour Martinizing Dry Cleaning*, 180 F.Supp.2d 584, 609 (D.N.J. 2002) (expert not required to rule out all possible causes of a plaintiff's injury but where defendant points to a plausible alternative cause and doctor offers no reasonable explanation for why he maintains original conclusion, "that doctor's methodology is unreliable") (*citing Paoli II*, 35 F.3d at 759 n. 27, 760); *Yarchak v. Trek Bicycle Corp.*, 208 F.Supp.2d 470, 497 (D.N.J. 2002); *see also Diaz v. Johnson Matthey, Inc.*, 893 F.Supp. 358, 376 (D.N.J. 1995) (physician's opinion unreliable after he failed to rule out alternative causes of plaintiffs' asthma, and admitted plaintiff was first patient he diagnosed with particular illness rendering his only diagnosis of it for purposes of litigation); *Rutigliano v. Valley Business Forms*, 929 F.Supp. 779, 787 (D.N.J. 1996) (expert testimony excluded as unreliable where expert clearly moved from "diagnosis to analysis, rather than from analysis to diagnosis"). Dr. Raush's failure to consider alternative causes for Mr. Morris' condition again calls into question his methodology. It is not a question of how much weight should be given to his opinions.

The record here is littered with examples of Dr. Raush's slipshod investigation. Dr. Raush testified that Mr. Morris self-reported that he experiences a depressed mood all day, every day. Ex. A, to Defendants' Reply, generally; Def. Motion, at 3. However, Mr. Morris did not complain of depression in his deposition. *See* Morris Dep. Tr., Dec. 30, 2014 (Exhibit B), generally. Defendants did not suggest, as Plaintiffs claim, that a psychologist "ignore a patient's complaints as part of treatment if the complaints seem exaggerated or unreasonable." Pl. Resp. at 6. Rather, Defendants noted that Dr. Raush failed to demonstrate that Mr. Morris has experienced any changes that "negatively impact [Morris'] work and his relationships with his family." Mr. Morris testified that his work is sporadic and seasonal, and he did not report any significant absences from work. This behavior is inconsistent with Mr. Morris' self-reported, unsworn statement regarding his symptoms, and the diagnostic criteria of Unspecified Trauma- and Stressor-Related Disorder.

Rausch also failed to consider numerous significant stressors for Morris pre-dating the derailment, including relationship problems with his daughter and marital problems with his wife. He also did not consider numerous identifiable stressors post-dating the derailment, including Morris' father's death in October 2013 with its resultant disrupted family relationships over a failed family business. These factors, combined with financial worries and alcohol abuse, are all potential alternative explanations. Ex. B to Defendants' Reply, at 7; 9-10; 18; 137; 141-142.[1]

---

[1] Rather than address the serious flaws in Raush's methodology, Plaintiff attempts to shift the focus to whether or not he has a valid claim for emotional distress. Thus, he references *Maertin v. Armstrong World Industries, Inc.* for the proposition that "a claim for emotional distress from exposure to a carcinogen is compensable where the distress is simply greater than that normally experienced by one who has learned that she was tortuously exposed to a toxic substance". Pl. Resp. at 6. While the question of whether a claim for emotional distress has been proven is not the subject of the instant Motion to Exclude, it should be noted that Plaintiff's recitation of the

8

Plaintiff also has done nothing to rebut Defendants' assertion that Dr. Raush did not consider Morris' use of other potential carcinogens. Dr. Raush testified that he was generally aware of Morris' smoking history, but he failed to include it in his analysis. Def. Motion at Ex. B, at 100.

> Q. Are you aware that he had a smoking history?
>
> A. Yes.
>
> Q. Are you aware of when he began smoking?
>
> A. No.
>
> Q. Do you know if he was currently smoking when you evaluated him?
>
> A. No.
>
> Q. Do you recall if you discussed whether he had any fears of developing lung cancer as a result of his smoking history?
>
> A. No.

Ex. A, at 100:10-24.

Plaintiff's contention that Dr. Raush "was aware" of Mr. Morris' medication use, but "ruled it out" as a potential etiology for Morris' symptoms, is also inaccurate. Pl. Resp. at 5. Raush testified that he did not factor in the side effects of Mr. Morris' various prescription pain medications and prescription anti-depressants with respect to his diagnosis of Mr. Morris:

---

law on this subject is incomplete. A plaintiff must also prove "that his or her emotional distress is not only reasonable, but severe, substantial, and tantamount to physical injury," when the plaintiff has not experienced an accompanying physical injury from the exposure. *Maertin*, Civ. No. 95-2849, 1998 WL 896704 at *4 (D. N.J. Dec. 16, 1998).

> Q. Since you don't prescribe these medications, you're not aware of the side effects of these drugs we've talked about, and I'll list them: Percocet, oxycodone, Ambien, Xanax or Valium; is that fair?
>
> A. That's fair.
>
> Q. Not your area?
>
> A. Not my area.

Ex. A, at 135:1-10.

Defendants also properly challenged Dr. Raush's inability to distinguish between Morris' pre-existing anxiety versus his post-derailment anxiety, and his testimony underscores his weakness on that point. Ex. A, at 102-106. Mr. Morris testified in his deposition that he had problematic anxiety due to alleged emotional effects stemming from the derailment, but never sought mental health care treatment from a psychiatrist or psychotherapist. Ex. B, at 110-114. Despite Plaintiff's arguments to the contrary, Dr. Raush's Report does not demonstrate that Mr. Morris' anxiety complaints allegedly related to the derailment differ in any manner from Mr. Morris' pre-existing anxiety condition. Dr. Raush could not differentiate Mr. Morris's pre-existing "adjustment disorder with anxiety," which manifested as anxiety with "symptoms specifically tied to stressful situations" from Morris' current anxiety complaints. Ex. A, at 102-105.[2]

Dr. Raush's opinions and testimony are not admissible pursuant to Fed. R. Evid. 702 and *Daubert* and should be excluded. Dr. Raush's conclusions in his Report concerning Mr. Morris'

---

[2] With regard to whether Dr. Raush considered the reasonableness of Mr. Morris' anxiety, Defendants will concede that Mr. Morris did not testify that he was only in the "cloud" for three seconds. Pl. Resp. at 4. Mr. Morris instead testified to three to four minutes of exposure. Ex. B, at 50:17-23. However, given that Dr. Rauch did not review Plaintiff's deposition testimony, this inadvertent mistake is of negligible importance with respect to the evaluation of Dr. Rauch's methodology in determining admissibility.

Unspecified Trauma- and Stressor- Related Disorder are based upon incomplete and unreliable information regarding Mr. Morris, and will not be helpful to a jury.

## CONCLUSION

Defendants, Consolidated Rail Corporation, Norfolk Southern Railway Company and CSX Transportation, Inc., respectfully request that this Honorable Court exclude the proffered expert testimony of David A. Raush, Ph.D.

Respectfully Submitted,

*/s/ Brian D. Pagano*
Brian D. Pagano, Esquire
BURNS WHITE LLC
1800 Chapel Avenue West, Suite 250
Cherry Hill, NJ  08002
(856) 382-6006
Email: *bdpagano@burnswhite.com*

*Attorney for Defendants,*
*Consolidated Rail Corporation,*
*Norfolk Southern Railway Company, and CSX*
*Transportation, Inc.*

## CERTIFICATE OF SERVICE

     I hereby certify that on this 2nd day of July, 2015, a copy of the within Reply Memorandum in Support of Defendants Consolidated Rail Corporation, Norfolk Southern Railway Company and CSX Transportation Inc.'s Reply to Plaintiffs' Response to Defendants' Memorandum of Law in Support of Motion to Exclude Expert Testimony of Plaintiffs' Expert, David A. Raush, was served on all counsel of record via efile.

                             BURNS WHITE LLC

By:   */s/ Brian D. Pagano*
       Brian D. Pagano, Esquire
       1800 Chapel Avenue West, Suite 250
       Cherry Hill, NJ  08002
       (856) 382-6006

       *Attorneys for Defendants,*
       *Consolidated Rail Corporation, Norfolk*
       *Southern Railway Company, and CSX*
       *Transportation, Inc.*