NOT FOR PUBLICATION                                                                    (Doc. No. 675)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| IN RE PAULSBORO DERAILMENT CASES | Master Docket No. 13-784 (RBK/KMW) |
|  | 12-7468 (Breeman) |
|  | 12-7747 (Lord) |
|  | 13-2357 (Canning) |
|  | 13-2358 (Armistead) |
|  | 13-3350 (Everingham) |
|  | 13-3244 (Morris) |
|  | 13-3724 (Hamilton) |
|  | 13-3935 (Clark) |
|  | 13-4322 (Kennedy) |
|  | 13-4569 (Johnson) |
|  | 13-4709 (Daniels) |
|  | 13-5763 (Truluck) |
|  | 13-7410 (Smith) |
|  | 14-0043 (DePietro) |
|  | 14-7356 (Abate) |
|  | 14-7431 (Paulsboro Public Schools) |
|  | 15-0071 (Wileczek) |
|  | 15-0134 (Vanblarcom) |
|  | 15-0578 (Mackenzie) |
|  | 15-1125 (Costa) |

**MEMORANDUM OPINION & ORDER**

**KUGLER**, United States District Judge:

**THIS MATTER** comes before the Court upon the Motion of Defendants Consolidated Rail Corporation, Norfolk Southern Railway Company, and CSX Transportation, Inc. (collectively "Defendants") to strike the National Transportation Safety Board Accident Report ("NTSB Report") and certain portions of the declarations of Plaintiffs' experts from Plaintiffs' brief, responsive statement of material facts, and supplemental statement of disputed material

1

facts, submitted in opposition to Defendants' Motion for partial summary judgment.  (Doc. No. 675).

Plaintiffs rely on portions of the NTSB Report in support of various factual and legal positions in their opposition papers to Defendants' motion for summary judgment (Doc. No. 628), and also attach the entire NTSB Report as an exhibit.  (see Doc. No. 660).

Congress has provided that, "No part of a report of the [National Transportation Safety] Board, related to an accident or an investigation of an accident, may be admitted into evidence or used in a civil action for damages resulting from a matter mentioned in the report." 49 U.S.C. § 1154(b).  Federal regulations differentiate between a "board accident report," defined as "the report containing the Board's determinations, including the probable cause of an accident, issued either as a narrative report or in a computer format," and a "factual accident report," defined as a "report containing the results of the investigator's investigation of the accident." 49 C.F.R. § 835.2.  The regulations also provide that "no part of a Board accident report may be admitted as evidence or used in any suit or action for damages growing out of any matter mentioned in such reports."  Id.  By contrast, "there is no statutory bar to[ ] admission in litigation of factual accident reports." Id.

Despite the plain language of the statute and regulations that "no part" of an accident report may be admitted into evidence, Plaintiffs argue that the factual portions of the NTSB Report should nevertheless be admissible.  The Court disagrees.  Circuit courts around the country have held that the language of the statute "means what it says: No part of the Board's actual report is admissible in a civil suit."  Chiron Corp. and Perseptive Biosystems, Inc. v. Nat'l Transp. Safety Bd., 198 F.3d 935, 941 (D.C. Cir. 1999) (discussing the history of the statute and regulations and surveying the case law, holding that "under the plain terms of the statute, NTSB

reports are inadmissible in civil litigation"); see also Campbell v. Keystone Aerial Surveys, Inc., 138 F.3d 996, 1001 (5th Cir. 1998); Thomas Brooks v. Burnett, 920 F.2d 634, 639 (10th Cir. 1990); Benna v. Reeder Flying Serv., Inc., 578 F.2d 269, 271 (9th Cir. 1978). Moreover, courts in the District of New Jersey have followed the holding in Chiron. See, e.g., In re Jacoby Airplane Crash Litig., No. 99-6073, 2007 WL 2746833, at *10 (D.N.J. Sept. 19, 2007) (finding that the statute creates "a categorical bar to admission of reports issued by the Board"); Credle v. Smith and Smith, Inc., 42 F. Supp. 3d 596, 598-99 (D.N.J. 2013) (holding that an expert witness was not permitted to use any information based on the findings of the NTSB report).

The Third Circuit has not ruled on the issue since the operative statute was recodified and the accompanying regulations revised. In Berguido v. Eastern Air Lines, Inc., 317 F.2d 628, 631-32 (3d Cir. 1963), the Third Circuit allowed testimony of a witness based on an investigator's report. The Court found that the admissibility of certain calculations was not barred by 49 U.S.C. § 1441(e) (the predecessor to 49 U.S.C. § 1154(b)) because they did not reflect findings as to the probable cause of the accident. Id. at 632. In 1975, the regulations were revised to differentiate between a board report and a factual report, as described above. Thus, the conflicting policies underlying the statute that the Berguido court discussed, namely the need to "secure full and frank disclosure as to the probable cause and thus help prevent future accidents and the countervailing policy of making available all accident information to litigants in a civil suit," id. at 631-32, is no longer an issue, causing Plaintiffs' reliance on Berguido to be misplaced. "The impropriety of attempting to dissect Board reports for factual statements while excising opinions and conclusions is too great to adopt Plaintiff's argument." In re Jacoby, 2007 WL 2746833, at *10.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to exclude the NTSB Report in its entirety is **GRANTED**.  Pursuant to Fed. R. Civ. P. 56(e), Plaintiffs may re-file their opposition papers without reference to the NTSB Report within **seven (7) days** of the date of this Order.

Regarding Defendants' Motion to strike statements contained in the declarations of experts Carl F. Morey and Stephen M. Timko for violating L. Civ. R. 7.2, the Court notes that pending before it are the Motions in limine of Defendants to exclude the expert reports of Mr. Morey and Mr. Timko.  (Doc. Nos. 734, 735).  Thus, Defendants' current motion as to the expert declarations is **DENIED WITHOUT PREJUDICE**.  Defendants may re-file their motion within **seven (7) days** of this Court's final disposition of the aforementioned Motions in limine.[1]

Dated: 7/9/2015                                              s/ Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United States District Judge

---

[1] The Court notes that, pursuant to L. Civ. R. 7.2(a), it will not consider portions of an affidavit or declaration submitted in opposition to a motion for summary judgment if it finds that those portions present arguments or conclusions of law.