## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| **IN RE** <br> **PAULSBORO DERAILMENT CASES** | : <br> : <br> : <br> : <br> : | **MASTER DOCKET NO.:** <br> **13-CV-784 (RBK/KMW)** |
| **RONALD MORRIS, et al.,** <br><br> Plaintiffs, <br><br> vs. <br><br> **CONSOLIDATED RAIL CORPORATION,** *et al.*, <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **CASE NO. 1:13-CV-3244 (RBK/KMW)** |

**DEFENDANTS CONSOLIDATED RAIL CORPORATION, NORFOLK SOUTHERN RAILWAY COMPANY, AND
CSX TRANSPORTATION, INC.'S
RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE THE EXPERT REPORT AND OPINION OF DALE PANZER, M.D.
<u>REGARDING SECONDARY GAIN</u>**

Filed on behalf of Defendants,
Consolidated Rail Corporation, Norfolk Southern Railway Company, and CSX Transportation, Inc.

Counsel of Record for This Party:
Brian D. Pagano, Esquire

BURNS WHITE LLC
1800 Chapel Avenue West, Suite 250
Cherry Hill, NJ 08002
(856) 382-6006

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................... ii

INTRODUCTION ......................................................................................................... 2

ARGUMENT AND CITATION OF AUTHORITIES ................................................. 3

    I.    Dr. Panzer's Expert Opinion on Dr. Raush's Failure to Consider Mr. Morris' Secondary Gain Motivation Is Admissible ............................................. 3

        A.    Dr. Panzer's Opinion Regarding Dr. Raush's Failure to Consider Mr. Morris' Secondary Gain Motivation is Not Being Offered to Assess Mr. Morris' Credibility. ............................................................... 3

        B.    Dr. Panzer's Opinion Regarding Dr. Raush's Failure to Consider Mr. Morris' Secondary Gain Motivation is Proper Rebuttal Evidence. ............................................................................................................. 4

CONCLUSION ............................................................................................................... 6

**TABLE OF AUTHORITIES**

**Cases**

*Callahan v. A.E.V. Inc.,*
    182 F.3d 237 (3rd Cir. 1999) ..................................................................................................4

*Crowley v. Chait,*
    322 F. Supp. 2d 530 (D.N.J. 2004) ........................................................................................5

*Holbrook v. Lykes Bros. S.S. Co.,*
    80 F.3d 777 (3d Cir. 1996)......................................................................................................3

*Kannankeril v. Terminix Int'l Inc.,*
    128 F.3d 802 (3d Cir. 1997)....................................................................................................3

*Voilas v. Gen. Motors Corp.,*
    73 F. Supp. 2d 452 (D.N.J. 1999) ..........................................................................................5

**RULES**

Fed. R. Evid. 402 ............................................................................................................................3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | : | |
| --- | --- | --- |
| **IN RE** | : | **MASTER DOCKET NO.:** |
| **PAULSBORO DERAILMENT CASES** | : | **13-CV-784 (RBK/KMW)** |
| | : | |
| **RONALD MORRIS, et al.,** | : | |
| Plaintiffs, | : | **CASE NO. 1:13-CV-3244 (RBK/KMW)** |
| vs. | : | |
| **CONSOLIDATED RAIL CORPORATION,** *et al.*, | : | |
| Defendants. | : | |

**DEFENDANTS CONSOLIDATED RAIL CORPORATION, NORFOLK SOUTHERN RAILWAY COMPANY, AND**
**CSX TRANSPORTATION, INC.'S**
**RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE THE EXPERT REPORT AND OPINION OF DALE PANZER, M.D.**
<u>**REGARDING SECONDARY GAIN**</u>

COME NOW Defendants, Consolidated Rail Corporation ("Conrail"), Norfolk Southern Railway Company ("NSRC"), and CSX Transportation, Inc. ("CSXT") (collectively, "Defendants"), by and through their counsel, BURNS WHITE LLC, and submit this Response to Plaintiff's Motion to Exclude the Expert Report and Opinion of Dale Panzer, M.D. Regarding Secondary Gain.

1

## INTRODUCTION

On April 20, 2015, Defendants served the April 10, 2015 expert report of Dale Panzer, M.D., with regard to Plaintiff Ronald Morris. Dr. Panzer was retained by Defendants to conduct an independent psychiatric file review and critique of the expert report of Plaintiff's expert psychologist, David A. Raush, Ph.D., with respect to Mr. Morris' mental health injury allegations. Dr. Panzer prepared his report after his review and analysis of a number of items, including but not limited to Mr. Morris' medical records, Mr. Morris' sworn testimony from his December 30, 2014 deposition, and the January 12, 2015 Report of Dr. Raush. Dr. Panzer criticized Dr. Raush's report on a number of issues, most notably disagreeing with Dr. Raush's diagnosis that Mr. Morris suffers from Unspecified Trauma- and Stressor-related Disorder. A copy of Dr. Panzer's April 10, 2015 Report is attached as Exhibit A. Plaintiff took the deposition of Dr. Panzer on June 3, 2015. A copy of the transcript of Dr. Panzer's deposition is attached as Exhibit B.

In response to Dr. Panzer's report and testimony, Plaintiff has filed a motion to exclude Dr. Panzer's Report and opinion on the limited issue of Mr. Morris' secondary gain motivation. Defendants disagree with Plaintiff's contention that Dr. Panzer is offering an opinion as to Mr. Morris' secondary gain motivation, and more specifically that any of Dr. Panzer's opinions: 1) improperly intrude on the province of the jury; and 2) are unreliable. Dr. Panzer's opinion with respect to Dr. Raush's failure to consider Mr. Morris' motivation for his alleged mental health symptoms is both completely reliable and entirely proper, Dr. Panzer's opinion that Dr. Raush did not consider secondary financial gain as a possible explanation for Mr. Morris' mental health complaints, is appropriate for Dr. Panzer to offer. Dr. Panzer is not being offered to assess the credibility of Mr. Morris, but rather to critique Plaintiff's expert Dr. Raush.

**ARGUMENT AND CITATION OF AUTHORITIES**

I. **Dr. Panzer's Expert Opinion on Dr. Raush's Failure to Consider Mr. Morris' Secondary Gain Motivation Is Admissible**

    A. **Dr. Panzer's Opinion Regarding Dr. Raush's Failure to Consider Mr. Morris' Secondary Gain Motivation is Not Being Offered to Assess Mr. Morris' Credibility.**

Plaintiff argues that Dr. Panzer is offering an opinion regarding Mr. Morris' secondary gain motivation, and that such an opinion will not help the jury. Plaintiff correctly notes that Rule 702 requires that expert testimony must "help the trier of fact to understand the evidence or determine a fact in issue." Rule 702 and *Daubert* also hold that the opinion of a qualified expert witness is admissible if: (1) it is based on sufficient facts or data; (2) it is the product of reliable principles and methods; and (3) the expert has reliably applied the principles and methods to the facts of the case. The Rules of Evidence embody a strong and undeniable preference for admitting any evidence which has the potential for assisting the trier of fact." K*annankeril v. Terminix Int'l Inc.*, 128 F.3d 802, 806 (3d Cir. 1997) (citing *Holbrook v. Lykes Bros. S.S. Co*., 80 F.3d 777, 780 (3d Cir. 1996)); *see also* Fed. R. Evid. 402 ("Relevant evidence is admissible.").

Plaintiff's attempt to limit Dr. Panzer's testimony on this issue is unpersuasive, because Dr. Panzer's opinion is both reliable and helpful to the jury. Within the narrow context of Mr. Morris' mental health allegations, Dr. Panzer's expert opinion is clearly admissible. His critique of Dr. Raush's opinions is based upon a thorough review of all of the facts available from Mr. Morris' history, in conjunction with a review of the methodology and conclusions reached by Dr. Raush. Dr. Panzer's criticism of Dr. Raush on this issue will aid the jury in reconciling Dr. Raush's opinions in contrast with the myriad factual inconsistencies that Dr. Panzer found through his analysis of Mr. Morris' alleged symptoms- information equally available to Dr. Raush from Morris' records, testimony, and other information reported to Plaintiff's experts in

3

the context of this litigation. Dr. Panzer opined that Dr. Raush did not properly consider this information in forming his opinions regarding Mr. Morris, and failed to take into consideration secondary financial gain as a likely motivator for Mr. Morris' complaints- a critical factor in a proper mental health diagnosis centered that was missed by Dr. Raush. Ex. A, at 9.

Dr. Panzer's opinion criticizing Dr. Raush for failing to consider secondary gain on the part of Plaintiff Morris as a motivator for his alleged mental health complaints is admissible, and Plaintiff's motion to exclude this opinion by Dr. Panzer should be denied.

### B. Dr. Panzer's Opinion Regarding Dr. Raush's Failure to Consider Mr. Morris' Secondary Gain Motivation is Proper Rebuttal Evidence.

Plaintiff's argument that Dr. Panzer's secondary gain opinion should be excluded suffers from a fundamental misunderstanding of Dr. Panzer's role as a rebuttal witness. Fed. R. 26(a)(2)(C)(ii) explicitly acknowledges that some expert testimony "is intended solely to contradict or rebut evidence on the same subject matter identified by another [expert]." As the Third Circuit has acknowledged, the Federal Rules "make no distinction between the permissible uses of 'regular' experts and 'rebuttal' experts." *Callahan v. A.E.V. Inc*., 182 F.3d 237, 259 (3rd Cir. 1999) (allowing use of rebuttal expert's report in the case-in-chief at trial).

As his report and testimony outline, it is undisputed that Dr. Panzer's role was to conduct an independent psychiatric file review of Mr. Morris' records, and provide a critique of Plaintiff's expert Dr. Raush's report and opinions on Mr. Morris. Ex. A, generally. As Dr. Panzer testified during his deposition, and contrary to Plaintiff's argument, he was <u>not</u> retained to evaluate Mr. Morris:

> Q.   Would you expect your evaluations in your clinical practice to be similar to those guidelines [APA Guidelines]?
>
> A.   Well, you are making a fundamental assumption in all of your questions, and I want to be clear. ***I was not evaluating***

4

> *these Plaintiffs*. I did not form opinions. I did not make a diagnosis of them. ***I simply commented on Dr. Raush's reports***.

Ex. B, at 31:15-23 (emphasis added).

As a rebuttal expert retained to opine as to the reliability of Dr. Raush's methodology, Dr. Panzer was not diagnosing Mr. Morris but rather analyzing the totality of the facts regarding Mr. Morris' history, and assessing that history in conjunction with Dr. Raush's diagnosis of Mr. Morris' condition. "All that is required [of an expert rebuttal report] is for the information to repel other expert testimony." *Crowley v. Chait,* 322 F. Supp. 2d 530. 551 (D.N.J. 2004); *see also Voilas v. Gen. Motors Corp.,* 73 F. Supp. 2d 452, 461 (D.N.J. 1999) (admitting expert testimony over objection that expert "employed no particular methodology but simply reviewed [defendant's] own analyses"). Plaintiff's argument that Dr. Panzer's opinion is unreliable because he did not meet, speak with, or examine Mr. Morris is equally unpersuasive. Dr. Panzer's methodology is not at issue, and whether he met with or examined Mr. Morris has no bearing upon the opinions that he offers regarding the propriety of Dr. Raush's opinions and report. He does not, despite Plaintiff's assertion to the contrary, accuse Mr. Morris of having "litigation greed", but rather opines that Dr. Raush did not take such a motivation into account when rendering his opinions.

As he was retained to do, Dr. Panzer noted numerous deficiencies in Dr. Raush's report, and highlighted the lack of reliability of Dr. Raush's opinions in this matter. Dr. Panzer's report included the subject of Plaintiff's motion- Dr. Raush's failure to consider secondary gain on the part of Mr. Morris as a potential motivator/explanation for Mr. Morris' mental health complaints. Dr. Panzer's critique of Dr. Raush was based upon an extensive review by Dr. Panzer of all of the facts of Mr. Morris' exposure and personal history, and offered in conjunction with Dr.

5

Panzer's psychiatric expertise, thus it is both reliable and admissible. Dr. Panzer considered Morris' mental health history, anti-depression and anti-anxiety medication history, his smoking history, his drug use, his alcohol abuse, the deposition transcripts of both Mr. Morris and Mr. Morris' wife, and the report prepared by Dr. Raush. Dr. Panzer determined that Dr. Raush failed to note that Mr. Morris' conflicting self-reports of anxiety, depression, and other symptoms contradicted both Morris' deposition testimony given under oath, as well as the objective information available in Mr. Morris' medical records. Dr. Panzer also found that Dr. Raush did not consider that Mr. Morris over-reported his alleged mental health complaints—the injuries that form the very basis of his lawsuit—due to a secondary gain motivation.

## CONCLUSION

Defendants, Consolidated Rail Corporation, Norfolk Southern Railway Company and CSX Transportation, Inc., respectfully request that this Honorable Court deny Plaintiff's Motion to Exclude the Report and Opinion of Dale E. Panzer, M.D. regarding secondary gain.

Respectfully Submitted,

*/s/ Brian D. Pagano*
Brian D. Pagano, Esquire
BURNS WHITE LLC
1800 Chapel Avenue West, Suite 250
Cherry Hill, NJ  08002
(856) 382-6006
Email: *bdpagano@burnswhite.com*

*Attorney for Defendants,*
*Consolidated Rail Corporation,*
*Norfolk Southern Railway Company, and CSX*
*Transportation, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2015, a copy of the within Response Memorandum in Support of Defendants Consolidated Rail Corporation, Norfolk Southern Railway Company and CSX Transportation Inc.'s Response to Plaintiff's Motion to Exclude the Report and Opinion of Dale E. Panzer, M.D. regarding secondary gain, was served on all counsel of record via efile.

                                                BURNS WHITE LLC

By:   */s/ Brian D. Pagano*
        Brian D. Pagano, Esquire
        1800 Chapel Avenue West, Suite 250
        Cherry Hill, NJ  08002
        (856) 382-6006

*Attorneys for Defendants,*
*Consolidated Rail Corporation, Norfolk*
*Southern Railway Company, and CSX*
*Transportation, Inc.*