WILLIAMS CUKER BEREZOFSKY, LLC
Woodland Falls Corporate Center
210 Lake Drive East, Suite 101
Cherry Hill, NJ 08002-1163
Tel.:  856-667-0500
Fax:  856-667-5133                                           *Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| **IN RE: PAULSBORO DERAILMENT CASES** | **MASTER DOCKET NO.:** <br><br> 1:13-CV-784 (RBK/KMW) |
| **RONALD MORRIS,** *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> **CONSOLIDATED RAIL CORPORATION,** *et al.*, <br><br> Defendants. | CIV NO. 1:13-3244 (RBK/KMW) <br><br><br> Motion Date:  Aug. 3, 2015 |

**Plaintiffs' Reply Brief in Support of their Motion to Exclude the Expert Report and Opinion of Dale Panzer, M.D. Regarding "Secondary Gain"**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………… ii

I.   INTRODUCTION……………………………………………………. 1

II.  ARGUMENT…………………………………………………………. 2

    A.   Dr. Panzer's proposed secondary gain opinion will not help the jury to understand the evidence or to determine a fact in issue…………………………………………………………. 2

    B.   Dr. Panzer's opinion on Plaintiff Morris's alleged secondary gain motivation is not reliable……………………………….. 3

III. CONCLUSION………………………………………………………. 5

# **TABLE OF AUTHORITIES**

*Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993)…………………….    4

*Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875 (8th Cir. 1998)……………….    2-3

**I.       INTRODUCTION**

Defendants' opposition to Plaintiff's motion to exclude Dr. Panzer's opinion regarding secondary gain boils down to the proposition that 'if Plaintiff can have an expert, then Defendants can have a rebuttal expert.'  *See* Defs. Br. at 4.  While that proposition is a sound one in general, Defendants' falsely assume that Plaintiffs are offering expert evidence on the subject of secondary gain.  In fact, Plaintiff is *not* offering expert evidence on the subject of secondary gain and Plaintiff's expert (Dr. Raush) offers no opinion at all on the matter.  Therefore, secondary gain is not a subject on which the jury can be helped by *anyone's* expert.

The notion that a plaintiff in a lawsuit might be motivated to some extent by secondary gain is uncontroversial and well-known to any average juror.  Thus, no "expert" testimony will help the jury, as the jury needs no help on the issue.

Moreover, as explained below, Defendants' contention that Dr. Panzer's opinion regarding Plaintiff Morris's purported secondary-gain motivation is proper as rebuttal expert testimony to impeach Dr. Raush's opinion should be rejected. Dr. Panzer's opinion on this point is based on inferences that simply are not supported by the facts upon which he bases it.  His opinion is therefore unreliable. Because Dr. Panzer's opinion criticizing Dr. Raush's opinion on the basis of secondary-gain motivation will not help the jury—and indeed will confuse or

1

unfairly influence the jury because the opinion is unreliable—such opinion should be excluded from evidence.

## II.  ARGUMENT

### A. Dr. Panzer's proposed secondary gain opinion will not help the jury to understand the evidence or to determine a fact in issue.

Dr. Panzer knows *nothing* about Plaintiff Morris's motivation for secondary gain other than what any average juror already knows and needs no help in understanding: a plaintiff in litigation stands to recover money and thus it's *possible* he or she has a secondary-gain motivation.  This is perhaps the most obvious statement that could be made about civil litigation.  No one needs a psychiatrist to help them understand it or to suggest it to them.  Dr. Panzer knows nothing about Plaintiff Morris's secondary-gain motivation that the jury won't be well aware of and able to assess on their own based on their common knowledge and common sense.  There is simply no possibility that the jury will need Dr. Panzer's help to understand this basic consideration, even in the context of a "critique" of Dr. Raush's methodology or testimony.  *See* Defs. Br. at 2.

Defendants will have a full opportunity to cross examine both Plaintiff Morris and Dr. Raush, and to argue to the jury that Mr. Morris stands to recover money if the jury finds in his favor and that Dr. Raush didn't consider this fact in opining as to Morris's mental health.  That is as it should be.  *Cf. Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 883 (8th Cir. 1998) ("The challenged testimony

2

impugning Nichols' psychiatric credibility and suggesting that recall bias, secondary gain, and malingering had influenced her story was not a proper subject of expert testimony under Fed. R. Evid. 702.  The record does not show that these theories met the Daubert criteria, and in her testimony Dr. Pribor sought to answer the very question at the heart of the jury's task -- could Nichols be believed?").  Expert testimony on any secondary-gain motivation on the part of Plaintiff Morris simply won't help the jury and therefore is unnecessary and unwarranted.

### B. Dr. Panzer's opinion on Plaintiff Morris's alleged secondary gain motivation is not reliable.

Defendants argue that Dr. Panzer's opinion is not offered to assess Plaintiff Morris's credibility, but rather to refute Dr. Raush's opinion by informing the jury that, in rendering his opinion, Dr. Raush did not consider secondary financial gain as a possible explanation for Mr. Morris's mental health problems.  Through this argument, Defendants are in essence constructing a straw man.

Dr. Raush is merely opining on Morris's medical condition as he is qualified to do, not on his possible motivations.  Dr. Panzer's opinion attempts to undermine Dr. Raush's opinion by asserting that if Dr. Raush *had* considered secondary financial gain as a possible explanation for Mr. Morris's mental health problems, he would have concluded that Morris wasn't being truthful about his mental health symptoms.  Thus, Dr. Panzer's opinion indeed *is* an attempt to opine on Plaintiff Morris's credibility.  Morris's presumed lack of credibility is the very *basis* of Dr.

3

Panzer's criticism of Dr. Raush's opinion. In fact, because secondary-gain motivation is not an area where expert testimony can help the jury, there can be no *other* possible basis for Dr. Panzer's "expert" evidence on the issue.

Even if it were somehow appropriate for an expert to testify to matters commonly known by the average juror, Dr. Panzer's report provides a cardinal indicator that his opinion on secondary gain is unreliable and thus inadmissible under Rule 702. The basis for Dr. Panzer's criticism that Dr. Raush failed to account for Plaintiff Morris's alleged secondary-gain motivation are statements Dr. Raush reported that Morris made to him, but from which secondary-gain motivation is simply not inferable by any reasonable mind; specifically, Morris's statements that (1) he wouldn't commit suicide (2) wouldn't do that to his family (3) and wouldn't leave them uninsured. Nearly every person with a family would no doubt feel the same way. Yet, in order to "criticize" Dr. Raush's opinion, Dr. Panzer infers that these statements reveal that Morris's mental health complaints were motivated by secondary financial incentives. This is simply not reliable, particularly coming from a person who, unlike Dr. Raush, has never seen, met, or spoken with Plaintiff Morris. *Cf. Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 589-590 (1993) ("The subject of an expert's testimony must be 'scientific . . . knowledge.' * * * [T]he word 'knowledge' connotes more than subjective belief or unsupported speculation.").

4

In short, Defendants' contention that Dr. Panzer's secondary-gain-motivation opinion can properly be admitted before the jury is a smokescreen, designed to clothe an unhelpful opinion with the guise of purported expertise regarding a fundamental motivation that exists in every civil suit.

## III. CONCLUSION

For all of the reasons given above, the Expert Report and Opinion of Dale Panzer, M.D. regarding "Secondary Gain" should be excluded.

DATED:    July 24, 2015

Respectfully submitted:

/s/    *Joseph Alan Venti*
Mark R. Cuker, Esq.
Joseph Alan Venti, Esq.
WILLIAMS CUKER BEREZOFSKY  LLC
210 Lake Drive East, Suite 101
Cherry Hill, NJ 08002

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on today's date a true and correct copy of Plaintiffs' Reply Brief in Support of their Motion to Exclude the Expert Report and Opinion of Dale Panzer, M.D. Regarding "Secondary Gain" was electronically filed with the Court's CM/ECF system, which will accomplish service of same on all counsel of record.

Dated:     July 24, 2015

/s/     *Joseph Alan Venti*
Joseph Alan Venti, Esq.