IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| *In Re Paulsboro Derailment Cases* _____ H.P., A Minor, Individually and by and through His Parent and Natural Guardian L.H., Plaintiffs, v. CONSOLIDATED RAIL CORPORATION, et al., Defendants. | Master Doc. No. 13-784-RBK-KMW Civil No. 13-208-KMW |

## ORDER APPROVING MINOR'S SETTLEMENT

This matter is before the Court on the Motion to Approve Settlement on Behalf of a Minor [Doc. No. 177] filed by plaintiff L.H., as the parent and legal guardian of H.P.[1]; and no opposition being filed to the motion; and the Court having held a hearing on the motion on April 11, 2016; and the Court having heard testimony from plaintiff at the hearing; and the Court having also heard from plaintiff's counsel; and the Court having received and reviewed the submission from defendants' medical expert, Michael I. Greenberg, M.D., M.P.H.; and the Court having heard

---

[1] This Order will refer to L.H. as the plaintiff even though the lawsuit was filed for alleged injuries suffered by her minor child, H.P.

1

from Dr. Greenberg in furtherance of his certification [Doc. No. 192]; and all parties consenting to the jurisdiction of this Court to enter this Order; and good cause existing for the entry of this Order,

NOW, THEREFORE, in support of this Order the Court makes the following findings:

1. The instant matter arises out of the train derailment that occurred on November 30, 2012 in Paulsboro, New Jersey.

2. Plaintiff generally alleges that one of the derailed train cars released vinyl chloride into the air and water and as a result, H.P. was exposed to vinyl chloride and sustained injuries related to said exposure.

3. Plaintiff's liability allegations are and were vigorously contested by defendants, particularly by the testimony and submissions of Dr. Greenberg. Notably, Dr. Greenberg both testified to and set forth in great detail in his report that, within a reasonable degree of medical certainty, plaintiff's single open air exposure to vinyl chloride is not known to cause any disease including cancer [Doc. No. 192].

4. The parties have executed, and the Court has received and reviewed, a copy of the General Release and Settlement Agreement between H.P. and L.H. and defendants.

5. Given the liability issues in dispute, and considering

the best interests of H.P., the settlement of H.P.'s claims against defendants for the total sum of $██████ and the issuance of a Group Health Insurance policy as set forth in Exhibit A to the Settlement Agreement and Release is fair and reasonable as to its amounts and terms of insurance[2].

6. Taking all relevant factors into account, the settlement adequately compensates H.P. for his past, present and future losses and damages attributable to his claims against the defendants.

7. L.H. is the natural parent of H.P., L.H. is appointed as Guardian *Ad Litem* for purposes of the disposition of the settlement proceeds in accordance with N.J.S.A. 3B:15-16 and 3B:15-17, and no bond shall be required.

8. No monies shall be deducted from the gross settlement as counsel fees shall be paid directly by defendants.

9. Pursuant to N.J.R. 4:48A, the net proceeds of $██████, payable for the benefit of the minor plaintiff, shall be paid by or on behalf of, the defendants by check payable to "L.H. as Guardian F/B/O H.P." within 7 days of this Order. It is and shall be the responsibility of plaintiff's attorney to ensure that the

---

[2] If for any reason the insurance policy is not accepted by New Jersey Insurance as drafted, counsel shall notify the Court immediately.

check is deposited in a Guardianship Account for the benefit of H.P.

10. H.P.'s settlement funds will be deposited into a federally insured interest bearing account. The money will be used solely for the benefit of H.P.

Based upon the foregoing findings and for good cause shown,

IT IS on this **25th** day of **April, 2016**, hereby

**ORDERED** that plaintiff's Motion to Approve Settlement on Behalf of a Minor is **GRANTED**; and it is further

**ORDERED** that the $■■■ settlement shall be allocated to H.P. The settlement sum shall be deposited into a federally insured interest bearing account. The account shall be titled, "H.P. Trust;" and it is further

**ORDERED** that the Group Health Insurance Policy will be issued; and it is further

**ORDERED** that no bond is required in connection with this Order; and it is further

**ORDERED** that nothing in this Order eliminates the need for plaintiff and the settling parties to comply with the applicable laws regarding the distribution to H.P.; and it is further

**ORDERED** that, notwithstanding any provision to the contrary that may exist in any other settlement documents, all documents

referred to herein shall be interpreted in accordance with New Jersey law.

s/ Karen M. Williams
KAREN M. WILLIAMS
United States Magistrate Judge
