NOT FOR PUBLICATION (Doc. No. 10)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| IN RE: PAULSBORO DERAILMENT CASES | Master Docket No. 13–0784 (RBK/KMW) |
| ACE PALLET CORPORATION, *et al.*, | Civil No. 16–1614 |
| Plaintiffs, | **OPINION** |
| v. | |
| CONSOLIDATED RAIL CORPORATION, *et al.*, | |
| Defendants. | |

**KUGLER**, United States District Judge:

Ace Pallet Corporation, Chester McIntyre, Doreen McIntyre, Cynthia Unger, and Dean Unger (collectively, "Plaintiffs") bring this suit against Consolidated Rail Corporation, Norfolk Southern Railway Company, and CSX Transportation Inc. (collectively, "Defendants"), seeking damages arising out of the November 30, 2012 train derailment in Paulsboro, New Jersey. Defendants move to partially dismiss Plaintiffs' Complaint, arguing that this Court should dismiss with prejudice Plaintiffs' claims for strict liability and recklessness and strike Plaintiffs' request for attorneys' fees. For the reasons expressed below, Defendants' Motion is **GRANTED**.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The basic facts of this case have been set forth in numerous Opinions issued by the Court. Plaintiff Ace Pallet Corporation is an entity located in Paulsboro, New Jersey on November 30, 2012. Compl. ¶ 1. Plaintiffs Chester McIntyre, Doreen McIntyre, Cynthia Unger, and Dean

Unger held a financial interest in Ace Pallet Corporation and the property upon which it was located as of November 30, 2012. *Id.* ¶¶ 2–3. Plaintiffs allege that the November 30, 2012 train derailment in Paulsboro, New Jersey caused Plaintiffs damages "including but not limited to the loss of value of the business and diminishment in value of the land." *Id.* ¶ 10.

On December 29, 2015, Plaintiffs filed their Complaint in the Superior Court of New Jersey, Gloucester County, Law Division. Notice of Removal ¶ 1 (Doc. No. 1). Defendants were served with Plaintiffs' Complaint on March 21, 2016. *Id.* ¶ 2. Defendants removed the case to this Court on March 23, 2016. *Id.* at 6. Defendants then filed this Motion to Partially Dismiss Plaintiffs' Complaint on April 11, 2016 (Doc. No. 10). Plaintiffs opposed the Motion on May 2, 2016 (Doc. No. 12), and Defendants filed their Reply Brief on May 9, 2015 (Doc. No. 13).

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Prop., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002).

In making this determination, a three-part analysis is needed. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitled for relief. *Id.* (quoting *Iqbal*, 556 U.S. at 679). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

## III.    DISCUSSION

### A.    STRICT LIABILITY

Defendants move to dismiss Count II of Plaintiffs' Complaint, which alleges that Defendants are strictly liable for the damages arising out of the derailment. *See* Defs.' Mot. at 3–6 (citing Compl. at Count II). This Court previously held that Defendants, as common carriers, are exempted from strict liability because New Jersey would adopt § 521 of the Second Restatement of Torts. *See* October 4, 2013 Op. and Order at 6–9 (Civ. No. 13–0784, Doc. Nos. 165–66). That decision is dispositive to resolving Plaintiffs' strict liability claim here, as Plaintiffs' acknowledge. *See* Pls.' Opp'n Br. at 2. Defendants' Motion as to Plaintiffs' strict liability claims is therefore **GRANTED**.

### B.     ATTORNEYS' FEES

Defendants argue that Plaintiffs are not entitled to an award of attorneys' fees under New Jersey Law. *See* Defs.' Mot. at 7. New Jersey law "disfavors the shifting of attorneys' fees." *Litton Indus., Inc. v. IMO Indus., Inc.*, 200 N.J. 372, 385 (2009). A prevailing party can recover attorneys' fees only "if they are expressly provided for by statute, court rule, or contract." *Id.* (quoting *Packard-Bamberger & Co., Inc. v. Collier*, 167 N.J. 427, 440 (2001)). Plaintiffs "do not contest [D]efendants' articulation of the law governing this issue." Pls.' Opp'n Br. at 2. As Plaintiffs have not identified any statute, court rule, or contract that provides for attorneys' fees in this case, *see generally* Compl., Defendants' Motion as to Plaintiffs' request for attorneys' fees is **GRANTED**.

### C.     PUNITIVE DAMAGES

Defendants also move to dismiss Count III of Plaintiffs' Complaint, which alleges that Defendants were reckless and are liable to Plaintiffs for punitive damages. Defs.' Mot. at 6–7. Plaintiffs argue that Count III states a claim under the New Jersey Punitive Damages Act, N.J.S.A. 2A:15–5.12. *See* Pls.' Opp'n Br. at 2–4. But New Jersey law does not provide an independent cause of action for punitive damages. *See, e.g.*, *California Natural, Inc. v. Nestle Holdings, Inc.*, 631 F. Supp. 465, 474 (D.N.J. 1986). Punitive damages are instead "a remedy incidental to cause of action, not a substantive cause of action in and of themselves." *See, e.g.*, *Hassoun v. Cimmino*, 126 F. Supp. 2d 353, 372 (D.N.J. 2000). Defendants' Motion as to Plaintiffs' punitive damages claims is therefore **GRANTED**.

## IV.    LEAVE TO AMEND

"When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set

4

period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). It would be futile for Plaintiffs to amend Count II, as this Court decides as a matter of law that Defendants, as common carriers, are exempt from strict liability. It would similarly be futile for Plaintiffs to amend their request for attorneys' fees. As such, Count II of Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE** and Plaintiffs' request for attorneys' fees is **STRICKEN WITH PREJUDICE**.

Although Count III does not properly state a cause of action, it is possible for Plaintiffs to allege facts supporting punitive damages incidental to their negligence cause of action. This Court passes no judgment on the substantive merits of such allegations, but holds only that, at this procedural posture, Plaintiffs have the right to amend their Complaint to properly request punitive damages. Count III of Plaintiffs' Complaint is therefore **DISMISSED**, but without prejudice to Plaintiffs' ability to move to amend Count I to properly request punitive damages.

## V.    CONCLUSION

For the reasons expressed above, Defendants' Motion is **GRANTED**. Count II of Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**. Plaintiffs' request for attorneys' fees is **STRICKEN WITH PREJUDICE**. Count III of Plaintiffs' Complaint is **DISMISSED**, but Plaintiffs may move to amend Count I to request punitive damages.

Dated:    07/18/2016                                                                          s/ Robert B. Kugler
                                                                                                              ROBERT B. KUGLER
                                                                                                              United States District Judge